IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JENNIFER STRAME
929 Whiticar Lane
West Chester, PA 19380,

                Plaintiff,

vs.

GC SERVICES LIMITED PARTNERSHIP
6330 Gulfton
Houston, TX 77081,

                Defendant.

CIVIL ACTION NO.

**COMPLAINT**

## I. INTRODUCTION

1. This is an action for damages brought by a consumer pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The FDCPA prohibits debt collectors from engaging in harassing, deceptive and unfair practices in the collection of a consumer debt. Specifically, the Act prohibits debt collectors from harassing consumers and communicating with third parties in connection with the collection of any debt (except in limited circumstances not present here), 15 U.S.C. § 1692d, c(b), e(11). The TCPA prohibits auto-dialed calls to consumers' cell phones. 47 U.S.C. §227(b)(1)(A)(iii).

3. Defendant debt collector relentlessly – and unlawfully called Plaintiff's cell phone, then compounded that violation with improper third-party calls to Plaintiff's neighbors and family members in an effort to collect an old debt. Defendant's conduct caused Plaintiff great humiliation and embarrassment.

## II.  JURISDICTION

4. Subject matter jurisdiction of this Court arises under 15 U.S.C § 1692k, actionable through 28 U.S.C. §§ 1331, 1337. The Court has supplemental jurisdiction over the TCPA claim pursuant to 28 U.S.C. § 1367(a) and 47 U.S.C. 227(b)(3).

5. *In personam* jurisdiction exists and venue is proper, as Defendant regularly does business in this district.

## III.  PARTIES

6. Plaintiff Jennifer Strame ("Plaintiff" or "Jennifer") is a consumer who resides in West Chester, Pennsylvania at the address captioned.

7. Plaintiff is a "consumer" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(3).

8. Defendant GC Services Limited Partnership ("GC") is a collection agency with a principal place of business in Houston, Texas and a mailing address as captioned.

9. GC regularly uses the mail and telephone to attempt to collect consumer debts alleged to be due another.

10. GC is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

## IV.  STATEMENT OF CLAIM

*Illegal Calls to Third Parties*

11. In or around March 2011, Defendant GC began making collection calls and sending collection letters to Plaintiff's home in the effort to collect an alleged consumer debt originally owed to Citibank (SD), N.A. and disputed by Plaintiff. (*See e.g.* Exhibit A hereto, GC collection letter dated March 2, 2011).

12. Beginning April 4, 2011, and despite having Ms. Strame's home address and phone number, Defendant GC began making a series of phone calls to Jennifer's neighbors and family members.

13. On April 4, 2011, a debt collector named "Doni" placed a call to Jennifer's neighbor and former employer stating that she was looking to speak with Jennifer and stating "I need you to have [Jennifer] call me. I can be reached at 858-577-2389."

14. Also on April 4, 2011, GC placed a call to Jennifer's father. The call was made by a female who did not identify herself and said she was looking for Jennifer Strame. Since Jennifer has not lived with her parents in over 10 years, her father responded that there was no one there by that name.

15. Despite actual knowledge that this was not Jennifer's home or phone number, on the very next day, April 5, 2011, GC called Jennifer's father again. GC left the following message on his voicemail:

> "Hello. This message is for Jennifer Strame. Jennifer, this is Doni and it is important that I speak with you today. I can be reached at 858-577-2389."

16. That same day, April 5, 2011, GC's representative "Doni" called and left a message on Jennifer's brother's voicemail stating that she "wanted Jennifer Strame to call her back at 858-577-2389." Jennifer's brother received two other voicemails from a woman named "Doni" asking to speak with Jennifer Strame.

17. That same day, April 5, 2011, GC, through "Doni" called another of Jennifer's neighbors. The collector asked the neighbor to get a message to Jennifer Strame and to have Jennifer call 1-858-577-2389.

3

18. GC then began calling Jennifer's mother's cell phone, leaving the following messages on April 6 and April 7, 2011, respectively:

> "Yes, this message is for Jennifer Strame. This is Doni. I need a call back as soon as you get this message. I can be reached at 858-577-2389. Jennifer, I have been trying to get in touch with you. Call back as soon as you get this message."

> "Hi Marie, this is Doni. Please call me back at 858-577-2389. I was actually trying to reach Jennifer, and I'm not sure I have a good number or not."

19. Upon information and belief, the telephone number 858-577-2389 belongs to GC Services.

20. The Federal Fair Debt Collection Practices Act prohibits a debt collector from communicating with third parties in all but the narrowest of circumstances where the debt collector is seeking the consumer's "location" information. 15 U.S.C. § 1692c(b).

21. A debt collector may not call third parties under the pretense of seeking "location" information when the collector knows the debtor's location.

22. A debt collector may not leave any message directly with a third party to have the debtor return their call as this violates 15 U.S.C. § 1692c(b), e(11).

23. Here, GC Services had Jennifer's home address and phone number, as evidenced by the collection letters and collection calls to her home. Accordingly, the calls to and voicemails for third parties were improper communications under the Act.

24. The FDCPA also prohibits engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in the collection of a debt. 15 U.S.C. § 1692d.

25. GC's calls to third parties were made in the effort to harass and embarrass Jennifer.

4

26. By communicating with third parties and leaving voicemail messages in the effort to collect a consumer debt, Defendant violated the FDCPA.

27. The Defendant's repeated calls to Jennifer's neighbors and family directly caused her damages, including, *inter alia*: aggravation, humiliation, anxiety, worry, time spent in the effort to stop the illegal conduct, and stress.

*Auto-Dialed Cell Phone Calls are Illegal*

28. Beginning on or around March 16, 2011, GC Services began repeatedly calling Jennifer's cell phone. The debt collector made at least 7 calls to her cell phone, leaving voice mail messages.

29. Upon information and belief, GC Services placed its phone calls to Jennifer's cell phone by way of an automatic telephone dialing system.

30. Jennifer never gave GC Services express permission to call her on her cell phone.

31. The federal Telephone Consumer Protection Act ("TCPA") prohibits use of any automatic telephone dialing system to place calls to a cell phone, pager, or the like, unless done with express consent. 47 U.S.C. §227(b)(1)(A)(iii).

32. GC Services knowingly or willfully violated the TCPA's prohibition by calling Jennifer on her cell phone without her express consent.

33. The TCPA provides statutory damages of $500 per violative call, and treble damages for GC's willful or knowing violations. 47 U.S.C. §227(b)(3).

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

35. The acts by Defendant described above violate the Fair Debt Collection Practices Act, in the following ways:

   (a) By engaging in the conduct the natural consequence of which is to harass, oppress or abuse any person in the collection of a debt, in violation of 15 U.S.C. § 1692d;

   (b) By communicating with and leaving voice mails for third parties, in violation of 15 U.S.C. § 1692c(b), e(11); and

**WHEREFORE**, Plaintiff Jennifer Strame demands judgment against Defendant, GC Services Limited Partnership for:

   (a) Damages;

   (b) Attorney's fees and costs;

   (c) Such other and further relief as the Court shall deem just and proper.

## COUNT II
## TELEPHONE CONSUMER PROTECTION ACT

36. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

37. The acts by Defendant described above violate the Telephone Consumer Protection Act by the Defendant's use of an automatic telephone dialing system to place calls to Plaintiff's cell phone without her express consent. 47 U.S.C. §227(b)(1)(A)(iii).

38. Defendant knowingly or willfully violated the TCPA.

**WHEREFORE**, Plaintiff Jennifer Strame demands judgment against Defendant, GC Services Limited Partnership for:

   (a) Damages;

   (b) Treble damages;

   (b) Attorney's fees and costs;

(c)     Such other and further relief as the Court shall deem just and proper.

## V.     **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 1/17/12

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

LUNDY, FLITTER, BELDECOS &
BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0781

# *EXHIBIT "A"*

**GC Services Limited Partnership**
**Collection Agency Division**
6330 Gulfton, Houston, Tx. 77081

PO BOX 2667 (057)
HOUSTON TX  77252-2667
RETURN SERVICE REQUESTED
MARCH 02, 2011

## BALANCE DUE STATEMENT

YOU OWE
CITIBANK (SD), N.A.

BALANCE DUE
* $

ACCOUNT NUMBER

USE ENCLOSED ENVELOPE AND SEND PAYMENT TO:


JENNIFER M STRAME

929 WHITICAR LN
WEST CHESTER PA 19380-7218

PO BOX 3855
HOUSTON TX 77253
                         2882351
(866) 678-4573

**PLEASE DETACH AND RETURN UPPER PORTION OF STATEMENT WITH PAYMENT.**

RE: SEARS GOLD MASTERCARD

Dear Jennifer M Strame:

Your account with Citibank (SD), N.A., in the amount of
$▆▆▆▆▆▆, has been referred to us.

By this time you must realize that you are delinquent.

Please send us your payment in full in the enclosed envelope. Please include this letter to assure proper credit of your payment.

Please remit your balance in full or phone (866) 678-4573.

Please make your check payable to Citibank (SD), N.A. and return it with this notice to the post office box listed above. If you have any questions, call the phone number indicated above.

                                    Ms. K. Cohn
                                    Account Representative

▆▆▆▆▆▆▆0396
IMPORTANT: BE CERTAIN YOUR ACCOUNT IS CORRECT.
HOME PHONE         : _____
NEW ADDRESS        : _____
EMPLOYER           : _____  PHONE: _____
EMPLOYER ADDRESS   : _____

* As of the date of this letter, you owe $▆▆▆▆▆▆.
Because of interest, late charges, and other charges that
may vary from day to day, the amount due on the day you pay