IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER STRAME, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 2:12-cv-00205-SD |
| | : | |
| GC SERVICES LIMITED PARTNERSHIP, | : | |
| Defendant | : | JURY TRIAL DEMANDED |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY**

Defendant GC Services Limited Partnership ("Defendant"), by and through its undersigned counsel, hereby answers the Complaint and states as follows:

1. Denied. To the extent the averments in this paragraph constitute conclusions of law, no response is required.

2. Denied. To the extent the averments in this paragraph constitute conclusions of law, no response is required.

3. Denied.

4. Denied. To the extent the averments in this paragraph constitute conclusions of law, no response is required.

5. Denied. To the extent the averments in this paragraph constitute conclusions of law, no response is required.

6. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

7. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

8. Admitted in part; denied in part. It is admitted that Defendant has its principal place of business in Texas. All other allegations, if any, are denied.

9. Admitted in part; denied in part. It is admitted that Defendant uses the mail and telephone to collect certain debts. The nature and characterization of those debts is denied.

10. Denied. To the extent the averments in this paragraph constitute conclusions of law, no response is required.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied. To the extent the averments in this paragraph constitute conclusions of law, no response is required.

21. Denied. To the extent the averments in this paragraph constitute conclusions of law, no response is required.

22. Denied. To the extent the averments in this paragraph constitute conclusions of law, no response is required.

23. Denied.

24. Denied. To the extent the averments in this paragraph constitute conclusions of law, no response is required.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied. To the extent the averments in this paragraph constitute conclusions of law, no response is required.

32. Denied.

33. Denied. To the extent the averments in this paragraph constitute conclusions of law, no response is required.

## COUNT ONE

34. Defendant incorporates its responses to the above paragraphs of the Complaint as if set forth herein in their entirety.

35. Denied.

35 (a)- (b).   Denied

**WHEREFORE**, Defendant respectfully demands that the Complaint be dismissed; awarding it reasonable costs and attorneys' fees and such other relief as justice requires.

## COUNT TWO

36. Defendant incorporates its responses to the above paragraphs of the Complaint as if set forth herein in their entirety.

37. Denied.

38. Denied.

## AFFIRMATIVE DEFENSES

1. Defendant did not have the intent necessary to rise to the level of a reckless or willful act.

2. Plaintiff suffered no ascertainable loss of money or property.

3. Plaintiff fails to state a cause of action to which relief can be granted.

4. Plaintiff has no standing to bring this action.

5. This Court lacks subject matter jurisdiction over the allegations of Plaintiff's Complaint.

6. The obligation in question is not a consumer debt.

7. To the extent that any violation occurred, it resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

8. Plaintiff's claims are barred by the statute of limitations.

9. At all pertinent times, Defendant acted in compliance with the Federal Trade Commission regulations, Federal Trade Commission staff commentary and letter commentaries, and/or Federal Trade Commission advisory opinions.

10. Defendant reserves the right to assert additional affirmative defenses as discovery warrants.

**DEMAND FOR JURY**

Defendant demands a jury pursuant to Fed.R.Civ.P. 38 for all issues so triable.

                                                FINEMAN KREKSTEIN & HARRIS, P.C.

                      By       /S/ Richard J. Perr
                                RICHARD J. PERR, ESQUIRE (PA 72883)
                                Mellon Bank Center
                                1735 Market Street, Suite 600
                                Philadelphia, PA  19103-7513
                                (v) 215-893-9300; (f) 215-893-8719
                                e-mail: rperr@finemanlawfirm.com
                                Attorneys for Defendant

Dated:     March 6, 2012

# CERTIFICATE OF SERVICE

      I, RICHARD J. PERR, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically, or by first class mail, postage prepaid, or telecopy on the following:

> Cary Flitter, Esquire
> Andrew Milz, Esquire
> Lundy, Flitter, Beldecos & Berger, P.C.
> 450 North Narberth Avenue
> Narberth, PA  19072-1898
> (v) 610-668-0770; (f) 610-667-0552
>     Attorneys for Plaintiff

                          /S/ Richard J. Perr
                          RICHARD J. PERR, ESQUIRE

Dated:    March 6, 2012