IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER STRAME<br>Plaintiff,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP<br>Defendant. | CIVIL ACTION<br><br><br><br><br>NO. 12-205(SD) |

### DISCOVERY ORDER

AND NOW, this _____ day of _____, 2012, upon consideration of the Motion of Plaintiff Jennifer Strame (Doc. No. ___) to compel Defendant GC Services, LP to attend its deposition and provide written discovery requests, and any response thereto, and for good cause shown, it is ORDERED that the Motion is GRANTED.

GC Services is hereby ORDERED to, within ten (10) days of this Order, produce a corporate designee for deposition at the offices of Flitter Lorenz, P.C., 450 N. Narberth Avenue, Suite 101, Narberth, PA 19072, pursuant to the previously served Rule 30(b)(6) deposition notice.

GC Services is further ORDERED to serve within five (5) days of this Order, documents responsive to Plaintiff's Document Request No. 1 through 5, 10, 21 through 22, 24, 31 through 33, and 38.

GC Services is further ORDERED to produce within five (5) days of this Order, full, complete and verified responses to Interrogatories #6 and 17.

Failure of Defendant to comply with this Order may result in sanctions pursuant to Federal Rule of Civil Procedure 37.

_____
U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JENNIFER STRAME<br>Plaintiff,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP<br>Defendant. | CIVIL ACTION<br><br><br><br><br>NO. 12-205(SD) |
|---|---|

### PLAINTIFF'S MOTION TO COMPEL DEPOSITION
### AND DISCOVERY RESPONSES

1. Defendant, GC Services, LP ("GC") is a debt collector. In or around April of 2011, GC began calling Plaintiff Jennifer Strame's neighbors, mom, dad, and brother – leaving messages with casual *strangers* and unknowing family members for Jennifer to call the collector back. Not only does the Fair Debt Collection Practices Act ("FDCPA") prohibit such intrusive collection calls to third parties, 15 U.S.C. §1692c(b), (d), GC was calling over a disputed debt. Fearing these calls would add grist to the neighborhood rumor mill, and tension in her family, GC's calls understandably embarrassed and aggravated Jennifer. She also alleges GC made auto dialed calls to her cell phone in violation of the Telephone Consumer Protection Act. 47 U.S.C. §227(b)(1)(A)(iii).

2. On January 17, 2012, Plaintiff filed a Complaint against GC Services alleging violations of the FDCPA and TCPA. (Doc. No. 1). GC Services filed its Answer on March 6, 2012, upon extension from Plaintiff. (Doc. No. 9). The matter is presently scheduled for arbitration on July 11, 2012. (Doc. No. 10).[1]

---

[1] Defendant has written a letter to the clerk seeking adjournment, discussed *infra*. Plaintiff does not object to this request, as Defendant's discovery obstruction discussed herein has necessitated the move of the arbitration date.

3. On March 16, 2012, Plaintiff served a 30(b)(6) Notice of Deposition upon GC Services. The 30(b)(6) deposition notice scheduled Defendant's corporate designee's deposition to be conducted on May 3, 2012 at the offices of Plaintiff's firm. (*See* Ex. "A" hereto).

4. On May 1, 2012, counsel for Defendant, Richard Perr, advised Plaintiff's counsel that GC Services corporate designee, Paul Grover, would not be available for the scheduled May 3, 2012 deposition for undisclosed scheduling reasons. Mr. Perr added that Mr. Grover would not be available until after the July 11th arbitration date to sit for his scheduled deposition. (See Rule 26.1(f) Cert. of Andrew Milz, filed herewith).

5. Plaintiff immediately tried to mitigate this scheduling problem by volunteering to take Mr. Grover's deposition at GC Services' headquarters in Houston, TX on May 16, 2012 instead. GC Services' counsel indicated that its witness, Mr. Grover, was not available for that date as well. (*See* Ex. "B" hereto, emails between Milz and Perr, dated May 9 and 10, 2012).

6. To date, GC Services has provided no explanation as to why Mr. Grover will be unavailable or why GC Services could not designate a different corporate representative to sit as its 30(b)(6) witness in this matter. (See Milz Cert.).

7. Defendant has written the Clerk for a 30 day continuance of the arbitration until August 10, 2012. Plaintiff does not object. However, even if the matter is adjourned, Plaintiff has no real assurance that GC's corporate witness Mr. Grover – who has ignored the originally noticed date contrary to the rules – will appear after July 11. Moreover, assuming the July 11 arbitration is adjourned, Plaintiff is prejudiced by the late date to the extent GC's corporate witness may not have knowledge, may reveal additional areas for supplemental discovery, and additional witnesses to be deposed, all within a matter of a few weeks before an early August arbitration date.

8.   GC Services must be compelled to produce its witness for its duly noticed Rule 30(b)(6) deposition within 10 days. Fed. R. Civ. P. 37(a); *Helfer v. Marriott Intern., Inc.*, 2007 WL 433477 (E.D. Pa. Feb. 8, 2007).

9.   Also on or around March 16, 2012, Plaintiff served her Interrogatories and Request for Production of Documents on Defendant.

10.  Thirty days having passed without responses from GC, counsel for Plaintiff, Mr. Milz, wrote to defense counsel, Mr. Perr, asking for immediate responses. Only at that point, its responses overdue, did defense counsel ask for an extension to May 14, 2012, which Plaintiff granted out of courtesy. (*See* Ex. "C" hereto, emails between Milz and Perr dated April 24 and 25, 2012).

11.  On May 14, 2012, counsel for Defendant Jennifer Root phoned counsel for Plaintiff, Mr. Milz, and requested yet another extension for the discovery responses. With the arbitration deadline fast approaching, Mr. Milz was constrained to decline granting another extension. That day, Defendant filed only *objections* to Plaintiff's discovery requests and did not provide any subsequent responses. Another eleven (11) days passed before Defendant GC Services provided written responses (i.e., not just objections) to Plaintiff's discovery requests. (*See* Def's Ans. to Pl.'s Interr, Ex. "D" hereto and Def's Responses to Pl's Request for Documents, Ex. "E" hereto, both dated May 25, 2012).

12.  In its Answers to Plaintiff's written discovery, Defendant objects to producing certain policies and procedures in the absence of a "protective order." (*See* Ex. "E" hereto, Def's Answ. to Pl's Doc. Req. at 1-5, 31-32, 38; Ex. "D" hereto, Def's Answ. to Pl's Interrogs at 17). However, Defendant articulates no particular or specific factual basis, nor any reason whatsoever, as to why the subject documents are confidential in or otherwise in need of

3

protection. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994). Nor has Defendant moved for a protective order.

13. Other responses of Defendant (See Ex. "E" hereto, Def's Answ. to Pl's Doc. Req. at 21-22, 24, 33; Ex. "D" Interrog. Answ. at 6) are inadequate as set forth in the attached Memorandum at pp. 5-8.

14. Plaintiff has attempted in good faith to resolve this discovery dispute by suggesting alternate dates for deposition and attempting to accommodate Defendant's corporate witness by traveling to Texas for the required deposition. (*See* Milz Cert. at ¶3). Plaintiff has also spoken to and written to defense counsel regarding Defendant's inadequate discovery responses, but to no avail. (*Id.* at ¶4). Despite Plaintiff's best efforts to resolve this discovery dispute, the instant Motion to Compel is necessary as a result of Defendant's obstructive conduct.

WHEREFORE, Plaintiff requests that this Honorable Court grant her motion to compel discovery and issue an order in the form of the Discovery Order attached hereto.

Respectfully submitted:

Date: 6/13/12

*/s/ Andrew M. Milz*
ANDREW M. MILZ
Attorney for Plaintiff

FLITTER LORENZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
610-822-0782

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER STRAME<br>　　　　　　Plaintiff,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP<br>　　　　　　Defendant. | CIVIL ACTION<br><br><br><br><br><br>NO. 12-205(SD) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO COMPEL DEPOSITION & DISCOVERY RESPONSES**

**I.   INTRODUCTION**

Defendant debt collector GC Services, LP ("GC") has refused to produce its corporate witness for its deposition before the scheduled July 11, 2012 arbitration hearing, and has provided no reason for its witness's unavailability before then. It has also objected to producing policies and procedures integral to Plaintiff's case and GC's defenses, claiming the need for a "protective order". Defendant's discovery obstruction has prejudiced Plaintiff's ability to prosecute her case for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, and the Telephone Consumer Protection Act, 47 U.S.C. §227(b), necessitating this motion to compel.

**II.   FACTUAL & PROCEDURAL HISTORY**

Plaintiff incorporates herein the factual and procedural history in the numbered paragraphs of her Motion to Compel, filed herewith.

**III.   LEGAL ARGUMENT**

**A. Defendant Must Produce its Rule 30(b)(6) Corporate Designee for its Duly Noticed Deposition**

The Federal Rules provide that the deposition of any party may be taken without leave of Court. Fed. R. Civ. P. 30(a). A Court may compel a party to produce a corporate designee for a

deposition. Fed. R. Civ. P. 37(a). *See also Helfer v. Marriott Intern., Inc.*, 2007 WL 433477 (E.D. Pa. Feb. 8, 2007) (compelling production for deposition of a corporate designee).

In the instant matter, Plaintiff's 30(b)(6) notice of deposition complied with all applicable federal rules. (*See* Ex. "A"). The notice was served upon Defendant several weeks before the deposition was to take place. *Id.* After being notified that the originally scheduled deposition date of May 3, 2012 was inconvenient for Defendant, Plaintiff's counsel endeavored to arrange for an alternate date for the deposition. Specifically, Plaintiff suggested that Plaintiff's counsel depose GC's corporate witness in Houston, TX, at its headquarters. (*See* Ex. "B", emails between Milz and Perr dated May 9-10, 2012). Defendant rejected this plan and professed being unavailable for the suggested May 16, 2012 date as well. Indeed, Defendant has done nothing but express its unavailability for its deposition until after the July 11, 2012 scheduled arbitration date. Defendant has provided no explanation other than Mr. Grover's busy schedule and no reason why another GC representative could not testify instead. Even if the matter is adjourned per Defendant's request, Plaintiff has no real assurance that Mr. Grover – who has ignored the originally noticed date contrary to the rules – will appear after July 11. Moreover, Plaintiff is still prejudiced by the late date to the extent GC's corporate witness may not have knowledge, may reveal additional areas for supplemental discovery, and additional witnesses to be deposed, all within a matter of a few weeks before an early August arbitration date. Defendant's stalling is unacceptable and Defendant must be compelled by the Court to attend its deposition prior to July 11. Fed. R. Civ. P. 37(a).

### B. Inadequate Document Request and Interrogatory Responses

Rule 34 provides for the production of documents and states a party may request "to inspect, copy, test or sample ... documents or electronically stored information – including

writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilation, stored in any media from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form ..." Fed. R. Civ. P. 34(1).

Defendant GC Services is the custodian of the information which bears on this case and the document request served by Plaintiff seeks the discovery of information in Defendant's possession relevant to this consumer protection action. Defendant should be compelled to respond as follows:

**1. <u>GC's Claim that Documents are Confidential or Proprietary is Unfounded</u>**

**Plaintiff's Document Request No.:**

      1.    Any and all documents which relate to, reflect upon, or bear on each of the affirmative defense asserted by you in your Answer to the Complaint.

      2.    All documents identified or required to be identified in your Rule 26 Disclosures.

      3.    All documents which address or bear on your practice of making telephone calls to consumers or other individuals in connection with attempting to collect an account claimed due.

      4.    All documents which address or bear on scripts utilized by GC Services in making telephone calls to individuals in the effort to collection the alleged debt from Plaintiff.

      5.    All documents which address or bear on GC Services' policies and procedures regarding collection conduct or activity, including telephone calls to individuals other than the debtor.

      31.    All internal and external documents relating to the policy and practices of GC Services in attempting to comply with the Fair Debt Collection Practices Act ("FDCPA").

      32.    All internal and external documents relating to the policy and practices of GC Services in attempting to comply with the Telephone Consumer Protection Act ("TCPA").

38. Any documents which bear upon or relate to your Answer to Plaintiff's Complaint.

**Plaintiff's Interrogatory No:**

17. Describe the procedures utilized by you to avoid violation of the Fair Debt Collection Practices Act and attach any documents which relate to this interrogatory and your response.

**Defendant's Answer:**

For each of the above written discovery requests, GC articulates boilerplate objections such as "vagueness," "undue burden" and irrelevance, and further states:

> Defendant will produce the following documents pursuant to a protective order:
> confidential Participant's Guide to Adhering to Federal and State Laws
> confidential Participant's Guide to Introduction to the Computer and Telephone Systems
> confidential Participant's Guide to Communication Skills
> confidential Participant's Guide to Collection Policies & Procedures
> confidential Standard Operating Procedures

(*See* Ex. "E" hereto, Def's Answ. to Pl's Doc. Req. at 1-5, 31-32, 38; Ex. "D" hereto, Def's Answ. to Pl's Interrogs at 17).

**Plaintiff's Argument**

Plaintiff's need for the information highlighted above is self-evident from her narrowly tailored requests; she needs the above documents to understand GC's defenses, the documents GC deems important enough to list in its initial disclosures, and documents bearing on GC's practices of making third-party and auto-dialed calls. GC's refusal to produce based on empty claims of "confidential" and "proprietary" is improper.

It is well established that the party wishing to obtain a protective order bears the burden of demonstrating that "good cause" exists for the Order. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994). Good cause involves the showing of a particular and specific

demonstration of fact, as distinguished from stereotype and conclusory statements. *Id.; Glen Meade Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cippoloni v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). The Federal Rules of Civil Procedure contemplate extraordinary protection and secrecy only in certain narrow circumstances. *Aetna Securities Litig.*, 1999 WL 624514, *1 (E.D. Pa. Aug. 6, 1999). This record is devoid of the required showing.

GC states that Plaintiff's request seeks "confidential" and "proprietary" information, however, it has failed to explain what is exactly confidential or proprietary, and why it is so. It is well established in the Federal Courts that such broad unsubstantiated conjecture is insufficient to obstruct discovery. *Cippoloni*, 785 F.2d at 1121. Despite Plaintiff's request for an explanation, Defendant has offered no details, let alone a "particular and specific" demonstration. *Id.* Not every aspect of how GC Services runs its business is proprietary or confidential – far from it. Defendant has fallen short on meeting its burden for protection.

2. **Past Complaints Must be Disclosed**

**Plaintiff's Document Request No:**

>   21. Any and all documents relating to any informal or formal complaints against Defendant GC Services alleged use of an automatic dialer to place calls to cell phone numbers by any individual consumer within the last four (4) years.
>
>   22. Any and all documents relating to any informal or formal investigations by any government into Defendant GC Services alleged use of an automatic dialer to place calls to cell phone numbers within the last four (4) years.
>
>   33. Attach hereto a copy of each document constituting or evidencing:
>      (a) all lawsuits against you filed in the last five years which allege any violation of the FDCPA, TCPA or other collection practices or consumer protection law;
>      (b) all Court or administrative agency decisions in the last five years ruling upon or referencing your alleged compliance (or non-compliance)

5

       with FDCPA, TCPA or any state consumer protection or debt collection practices act;

       (c)    all administrative agency investigations, inquiries, findings or consent orders concerning you in the last five years addressing FDCPA (or state debt collection laws), and TCPA compliance or non-compliance.

**Defendant's Answer:**

       Objection. This request is vague, ambiguous, overbroad and unduly burdensome. Additionally, this request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or relevant to advance any claims by Plaintiff.

(*See* Ex. "E" hereto, Def's Answ. to Pl's Doc. Req. at 21-22, 33).

**Plaintiff's Argument**

       These document requests seek information on past complaints and investigations into violations of the TCPA and the FDCPA. Both are relevant here. Defendant's objections on overbreadth, burden and relevance grounds are completely unfounded. Plaintiff seeks *inter alia*, statutory damages under the FDCPA, the amount of which is dependent on the "frequency and persistence of non-compliance by the debt collector, the nature of such non-compliance, and the extent to which such non-compliance was intentional." 15 U.S.C. § 1692k(b)(1); *Nelson v. Select Financial Services, Inc.*, 2006 WL 1672889 (E.D. Pa. June 9, 2006). Further, Plaintiff seeks treble damages for willful or knowing violations of the TCPA, 47 U.S.C. § 227(b)(3). Whether GC Services has a history of making illegal third party contacts which generate consumer complaints, lawsuits or administrative action certainly goes to whether its conduct was frequent or persistent or intentional. *See generally Trevino v. ACB American, Inc.,*, 232 F.R.D. 612 (N.D Cal. 2006) (compelling discovery responses relating to prior FDCPA claims filed against Defendant). Similarly, whether GC Services continued to make auto dialed calls post-complaint or lawsuit is certainly relevant to establishing willful conduct here.

6

### 3. Programming of the Auto-Dialer

**Plaintiff's Document Request No:**

>  24.    Any and all documents relating to GC Services programming of its telephone systems and telephone database systems for making collection calls via an auto dialer.

**Defendant's Answer:**

> Objection. This request is vague, ambiguous, overbroad and unduly burdensome. Additionally, this request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or relevant to advance any claims by Plaintiff. Without waiving any objection, Defendant provides as follows: Defendant did not make any calls to Plaintiff's cell phone number (484-947-4549) using an automatic dialer. By way of further response, see dialer search results.

(*See* Ex. "E", Def's Answ. to Pl's Doc. Req. at 24).

**Plaintiff's Argument**

Defendant's objections on vagueness, ambiguity, overbreadth and unduly burdensome grounds are unfounded. The request plainly seeks documents related to how GC Services programs its telephone systems for making collection calls via an auto dialer. Accordingly, Defendant's relevance objection is also unwarranted and specious. Defendant claims that since it "did not make any calls to Plaintiff's cell phone number ... using an automatic dialer" it is somehow relieved from producing responsive documents. It is mistaken. Plaintiff is still entitled to documents reflecting how GC programs its system in order to test Defendant's stated defense of no auto dialed calls made.

### 4. Agreement with the Underlying Creditor

**Plaintiff's Interrogatory No:**

>  6.    State the full legal name and address of the creditor on whose behalf you sought to collect the Account and describe the contractual relationship, agreement or understanding between you and the creditor for the collection of the same; and attach any documents which relate to this interrogatory and your response.

7

**Defendant's Response:**

> Objection. This interrogatory is vague, ambiguous, overly broad, and unduly burdensome. Additionally, this interrogatory seeks documents which have no relation to this matter, and this request is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory seeks documents which contain confidential, proprietary trade secrets. Without waiving any objection, Defendant provides as follows: Citibank, N.A., 7620 NW 110th Street, Kansas City, MO 64153, for a Sears credit card.

(*See* Ex. "D", Def's Answ. to Pl's Interrogs. at 6)

**Plaintiff's Argument**

This Interrogatory clearly seeks any "agreement or understanding between [GC] and the creditor [of the alleged debt] for the collection" of the debt. It is reasonable to suspect that said agreement would place parameters on the type of collections GC would undertake on the creditor's behalf: e.g. mailing of duns, phone calls, or both; use of an auto-dialer to place calls, or not; contacting neighbors or family, or not. The agreement between GC and Citibank for the collection of the alleged Strame debt is relevant, discoverable and must be produced.

## IV.   CONCLUSION

For all of the foregoing reasons, this Court is respectfully requested to compel Defendant GC Services to produce its 30(b)(6) corporate designee witness for its duly noticed deposition within ten (10) days of the Court's Order and produce documents responsive to Plaintiff's

Document Requests #1-5, 10, 21-22, 24, 31-33 and 38 as well as Responses to Plaintiff's Interrogatories #6 and 17 within five (5) days of the date of the Court's Order.

Respectfully submitted:

Date:  6/13/12

*/s/ Andrew M. Milz*
ANDREW M. MILZ
Attorney for Plaintiff

FLITTER LORENZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
610-822-0782

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER STRAME<br>　　　　　　Plaintiff,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP<br>　　　　　　Defendant. | CIVIL ACTION<br><br><br><br><br>NO. 12-205(SD) |

## CERTIFICATE OF SERVICE

I, ANDREW M. MILZ, do hereby certify that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to:

Richard Perr, Esquire
FINEMAN, KREKSTEIN & HARRIS, P.C.
Mellon Bank Center
1735 Market Street, Suite 600
Philadelphia, PA 19103
**Attorney for Defendant**

Said document is available for viewing and downloading from the ECF system.

Date: 6/13/12                                        /s/ Andrew M. Milz
　　　　　　　　　　　　　　　　　　　　　　　ANDREW M. MILZ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER STRAME<br>Plaintiff,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP<br>Defendant. | CIVIL ACTION<br><br><br><br><br>NO. 12-205(SD) |

## CERTIFICATE OF EFFORT TO RESOLVE DISCOVERY DISPUTE

In accordance with Local Rule 26.1(f), I, Andrew M. Milz, Esquire, attorney for Plaintiff, certify that reasonable efforts have been made to obtain the requested outstanding deposition and written discovery, and state as follows:

1. On March 16, 2012, Plaintiff served a 30(b)(6) Notice of Deposition upon GC Services. The 30(b)(6) deposition notice scheduled Defendant's corporate designee's deposition to be conducted on May 3, 2012 at the offices of Plaintiff's firm.

2. On May 1, 2012, counsel for Defendant, Richard Perr, advised me that GC Services corporate designee, Paul Grover, would not be available for the scheduled May 3, 2012 deposition for undisclosed scheduling reasons. Mr. Perr added that Mr. Grover would not be available until after the July 11th arbitration date to sit for his scheduled deposition.

3. I immediately tried to mitigate this scheduling problem by trying to arrange for us to take Mr. Grover's deposition at GC Services' headquarters in Houston, TX on May 16, 2012 instead, but Mr. Perr advised me that would not work. To date, GC Services has provided no explanation as to why Mr. Grover will be unavailable through July 11, 2012, or why GC Services could not designate a different corporate representative to sit as its 30(b)(6) witness in this matter.

4.	On June 5, 2012, I spoke with Mr. Perr and advised him that defendant's document request and interrogatory answers set forth in this motion were deficient, and advised him to submit responses by June 8, 2012. I followed up our conversation with an email on June 6, 2012 articulating the same. (Attached as Ex. "1" hereto) As of the date of this Certification, I have not heard back from Mr. Perr on the subject.

5.	As stated above, despite Plaintiff's good faith efforts to resolve this discovery dispute, GC Services has failed to provide responsive written discovery or appear for its deposition. An Order from the Court compelling the same is now necessary. Accordingly, Plaintiff hereby files the within Motion to Compel.

Respectfully submitted:

Date: 6/13/2012                                     /s/ Andrew M. Milz
                                                    ANDREW M. MILZ

2

# EXHIBIT "1"

| | |
|---|---|
| **From:** | Andy Milz |
| **To:** | Richard Perr |
| **Subject:** | Strame - GC Servs |
| **Date:** | Wednesday, June 06, 2012 9:03:02 AM |

Rick,

As we discussed yesterday, we are still waiting on depositions and Defendant's discovery responses are presently inadequate.

First, the depositions. As you know we have been asking for the deposition of your 30b6 for over a month now, and even agreed to take the depo on May 16 when Cary was in Texas. You have explained that Mr. Grover is unavailable till July. This causes a big problem because we have a July 11, 2012 arbitration date. We need this deposition before then, and cannot wait. We will have to file a motion if you do not have different news for me on this by Friday.

We also need the depositions of your other witnesses recently identified in your Rule 26 disclosures. Please provide dates and availability asap. I will send notices to you today, but will work with you on convenient dates.

Second, your discovery responses are inadequate. In particular, Document requests 1-5, 10, 31-32, & 38 are non responsive. Your objection based on "confidential" information is unsupported and you do not explain why this info should be protected from discovery. Your insistence on a protective order is unfounded, and will require us to file a motion. Requests 21-22, 33 related to past complaints and investigation are non-responsive and must be supplemented. Response 24 is non responsive as well – regardless of your claim (that no autodialed calls were made here), we still are entitled to docs on how you program your system to make auto dialed calls to test your defense. Interrogatories 6, 7, 17 are similarly deficient.

I write in the effort to try to resolve these issues without having to get the Court involved, and the expense that goes along with it. Please respond by Friday as to your positions on the above.

Andy

**Andrew M. Milz**
**Flitter Lorenz, P.C.**
**450 N. Narberth Avenue**
**Narberth, PA 19072**
**Direct Line: 610-668-0018**
**Direct Fax: 610-667-0552**
**Email: amilz@consumerslaw.com**

**www.consumerslaw.com**

To ensure compliance with certain regulations promulgated by the U.S. Internal Revenue Service, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax related penalties under the U.S. Internal Revenue Code, or (2) promoting, marketing, or recommending to another party any tax related matters addressed herein, unless expressly stated otherwise. This email, and any attachment thereto, is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client or any other privilege. If you receive this communication in error, please immediately notify this firm and permanently delete the original, any copy, and any printout of this email.